1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON

9

FRAN BUNTTING,

Case No.:

10

Plaintiff,

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA,
INC. TO UNITED
STATES DISTRICT COURT

11

v.

12

HARBOR FREIGHT TOOLS USA,
INC., a foreign corporation,

13
14

Defendant.

15
16

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

17

THE WESTERN DISTRICT OF WASHINGTON:

18

Defendant Harbor Freight Tools USA, Inc. (hereinafter "Harbor Freight

19

Tools"), by and through its attorneys, Clyde & Co US LLP, hereby removes this

20

pending action from the Superior Court of the State of Washington for the County

21

of Snohomish to the United States District Court for the Western District of

22

Washington pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

23

**INTRODUCTION**

24

On January 22, 2021, plaintiff Fran Buntting (hereinafter "plaintiff") filed a

25

complaint (hereinafter "Complaint") in Case No. 22-2-00305-31 in the Superior

26

Court of Washington, Snohomish County, with Harbor Freight Tools as a

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933

defendant (hereinafter "State Court Action").  *See* Declaration of Christian T. Johnson in support of Harbor Freight Tools' Notice of Removal (hereinafter "Johnson Decl."), Ex. E.[1] The Complaint is the initial pleading setting forth the claim for relief upon which this action is based, and it commenced a civil action that seeks damages.

On January 21, 2022, plaintiff served Harbor Freight Tools' registered agent with the summons and Complaint. January 21, 2022, was the date on which Harbor Freight Tools first received the Complaint. The private process server's declaration of service was filed on February 9, 2022.  *See* Johnson Decl. ¶ 3, Ex. A.

Plaintiff's allegations in the Complaint include, *inter alia*:

1. Plaintiff was shopping at the Harbor Freight Tools store in Marysville, Washington.  *See* Johnson Decl., Ex. E, ¶ 3.0.

2. "Shortly after entering the store, Plaintiff slipped on the floor and fell to the floor."  *See* Johnson Decl., Ex. E, , ¶ 3.2.

3. "Plaintiff lost consciousness and suffered significant bleeding from his head from a skull fracture."  *See* Johnson Decl., Ex. E, ¶ 3.3.

4. Plaintiff asserts a negligence cause of action.  *See* Johnson Decl., Ex. E, ¶¶ 4.0-4.2.

5. "Plaintiff has been severely and permanently injured and damaged." *See* Johnson Decl., Ex. E, ¶ V.

Assignment to this Court is proper because the Complaint was pending in the Superior Court for Snohomish County.  *See* 28 U.S.C. § 1446(a).

/ /

/ /

---

[1] The operative complaint is also filed as a separate attachment.  W.D. Wash. LCR 101(b)(1). No jury demand has been filed in the state court.  *See* W.D. Wash. LCR 101(b)(3).

**THIS COURT HAS DIVERSITY JURISDICTION**

Any civil action in which a federal court has original jurisdiction may be removed from a state court to a federal by a defendant. *See* 28 U.S.C. § 1441. Federal courts have original jurisdiction over civil actions between "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Removal is proper here because there is complete diversity of citizenship between plaintiff and Harbor Freight Tools and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441.

**A.    *Notice of Removal Is Timely and Harbor Freight Tools Is the Only Defendant***

The deadline to remove a state court action to federal court is within thirty days after the receipt by a defendant of a complaint that provides a basis to remove or, if the initial complaint does not provide such a basis, thirty days from the date the defendant receives an amended pleading, motion, order, or other paper that does so provide. *See* 28 U.S.C. § 1446. Harbor Freight Tools was served with plaintiff's complaint on January 21, 2022. Johnson Decl., ¶ 3, Ex. A. This notice is filed prior to February 22, 2022, and is timely.

The Complaint does not identify the amount of damages plaintiff intends to recover from Harbor Freight Tools. *See* W.D. Wash. LCR 101(a). However, as discussed below, plaintiff is seeking damages in excess of the jurisdictional amount of this court. *Id*.

To remove an action to federal court, "all defendants who have been properly joined and served" must consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A). Harbor Freight Tools is the only defendant in the above-captioned litigation (hereinafter "Litigation"). Therefore, no other party is required to consent to this removal.

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.

-3-

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933

### B.    There Is Complete Diversity of Citizenship

The Complaint alleges that "[plaintiff] at all material times was residing in Snohomish County, Washington." Johnson Decl., Ex. E, ¶ 1.1. Accordingly, upon information and belief, plaintiff is a citizen of the State of Washington.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Harbor Freight Tools is, and was at all times relevant to this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Calabasas, California. *See* Johnson Decl., ¶¶ 4-5, Exs. B, C. Harbor Freight Tools is not a citizen of Washington. *See Id.*

Plaintiff and Harbor Freight Tools are citizens of different states and, therefore, there exists complete diversity of citizenship between these parties for purposes of establishing diversity jurisdiction pursuant to 28 U.S.C. Section 1332.

### C.    The Amount in Controversy Exceeds $75,000

When an amount in controversy is not stated in a complaint, the removing defendant must show by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold under 28 U.S.C. Section 1332. *See*, *e.g., Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 699 (9th Cir. 2007); *see also* 28 U.S.C. § 144(c)(2)(B). Under this standard, a defendant must show, based on allegations in a complaint or by use of extrinsic evidence, that it is "more likely than not that the amount in controversy exceeds [the jurisdictional amount]." *Guglielmino*, 506 F.3d at 699. In determining the amount of controversy on removal, a district court may consider whether it is "facially apparent" based on the allegations in the complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If it is not

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.                    -4-

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933

facially apparent, the court may consider facts in the removal petition, including party admissions.  *Id*.

Counsel for plaintiff's admission and the allegations in the complaint establish that the amount in controversy in the Litigation exceeds $75,000.

### 1.    *Plaintiff Has Admitted Through Counsel that the Amount in Controversy in this Litigation Is in Excess of $75,000*

On February 9, 2022, in response to an inquiry by Harbor Freight Tools' counsel, plaintiff's counsel, Justin Elsner, stated as follows: "the amount in controversy exceeds $75,000."  Johnson Decl., ¶ 7, Ex. D.  This admission alone is sufficient to establish the amount of controversy for the purposes of removal.

In *Scottsdale Ins. Co. v. Ford Motor Co.*, No. C10-0373 MJP, 2010 WL 2650629 (W.D. Wash. June 29, 2010), defense counsel submitted a declaration stating that he "spoke with plaintiff's counsel and that 'he represented to me that the damages were in the $3,000,000 to $4,000,000 range.'"  *Id*. at *2.  The district court held that, "[t]he accounts of this conversation, which is the only evidence in the record on this issue, are sufficient to establish the amount in controversy for the purposes of removal."  *Id*.

Because plaintiff's counsel admitted that the amount in controversy exceeds $75,000, Harbor Freight Tools has presented proof regarding the amount in controversy in the Litigation that exceeds that amount of proof supporting removal in *Scottsdale.  See id*. at *2.  As the Ninth Circuit stated in *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373 (9th Cir. 1997), admissions of a plaintiff's counsel are important: "[t]he plaintiff, after all, creates the controversy and is the master of the claim, and decides how much money to demand."  *Id*. at 376.

/ /

/ /

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.                    -5-

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933

**2.    The Allegations in the Complaint Show That the Amount in Controversy in the Litigation Is in Excess of $75,000**

Plaintiff claims that he suffered severe injuries: "As a result of falling to the floor, Plaintiff lost consciousness and suffered significant bleeding from his head from a skull fracture." Johnson Decl., Ex. E, ¶ 3.3. Plaintiff alleges that he "has been severely and permanently injured and damaged." Johnson Decl., Ex. E, ¶ V. He seeks damages including "medical expenses, past and future; severe and permanent impairment of plaintiff's ability and capacity to enjoy life, past and future; loss of consortium; loss of wages; and impairment of wage earning capacity." *Id*. These allegations show that the amount in controversy exceeds $75,000.

In *Smith v. Monster Beverage Corp.*, the plaintiff asserted products liability, negligence and breach of implied warranty claims against defendant based on injuries and medical complications he sustained due to consuming four, sixteen-ounce Monster energy drinks. No. C16-5124 BHS, 2016 WL 2586637, at *1 (W.D. Wash. May 5, 2016). The defendant removed the action to federal court and plaintiff filed a motion to remand. *Id*. Plaintiff's complaint did not state an amount in controversy, but alleged that plaintiff suffered "serious, permanent, and life-altering injuries from a hemorrhagic stroke." *Id*. at *3.

In denying plaintiff's motion to remand, the court held that, based upon the nature of the factual allegations, "the amount in controversy more likely than not exceeds $75,000.00." *Id*. The court quoted *Hammarlund v. C.R. Bard, Inc.*, C15-5506SVW, 2015 WL 5826780 (C.D. Cal. Oct. 2, 2015) for the proposition that, "[i]n cases involving severe injuries . . . courts have found it facially apparent from the complaint that the amount in controversy was satisfied." *Id*.; *see also Campbell v. Bridgestone/Firestone, Inc*., No. 05-cv-1499 (FVS), 2006 WL

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.
-6-

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933

707291, at *3 (E.D. Cal. Mar. 17, 2006) (holding that the amount in controversy was satisfied in a products liability action based on allegations that plaintiffs suffered injuries including head trauma).

Like the plaintiff in *Smith*, plaintiff here alleges that he suffered severe, permanent injuries.  *See* Johnson Decl., Ex. E, ¶¶ 3.3, V.  He alleges that his injuries caused "severe and permanent impairment of [his] ability and capacity to enjoy life."  Johnson Decl., Ex. E, ¶ V.  He also seeks "loss of wages; and impairment of earning capacity" as well as "costs and attorney fees."  Johnson Decl., Ex. E, ¶ V.  These allegations establish that the amount in controversy exceeds $75,000.

## CONCLUSION

In light of the foregoing, because there is complete diversity of citizenship between plaintiff and Harbor Freight Tools and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. Sections 1332 and 1441 and removal is proper.

WHEREFORE, Harbor Freight Tools prays that the above-entitled action now pending in the Superior Court of Washington for the County of Snohomish be removed to this Court pursuant to 28 U.S.C. Sections 1332, 1441 and 1446. Dated this 21st day of February, 2022.

Presented by:                    CLYDE & CO US LLP

                                 By: */s Robert A. Meyers*
                                 ROBERT A. MEYERS (WSBA NO. 24846)
                                 CLYDE & CO US LLP
                                 701 Fifth Avenue, 42nd Floor
                                 Seattle, Washington 98104
                                 Bob.Meyers@clydeco.us
                                 206-438-3980

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.                -7-

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933

1   -and-

2   KEVIN R. SUTHERLAND
    (California State Bar No. 163746)
3   (*Pro hac vice* application to be submitted)
    CLYDE & CO US LLP
4   Four Embarcadero Center, Suite 1350
    San Francisco, CA 94111
5   Attorneys for Defendant
    HARBOR FREIGHT TOOLS USA. INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.                    -8-

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 4 Embarcadero Center, Suite 1350, San Francisco, California 94111.

On February 22, 2022, I served the document(s) described as:

**NOTICE OF REMOVAL OF HARBOR FREIGHT TOOLS USA, INC. TO UNITED STATES DISTRICT COURT**

on the parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

in the following manner:

☒ **(BY MAIL):** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ **(BY PERSONAL SERVICE):** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☒ **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action:

I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 22, 2022, at San Francisco, California.

_____
Patricia Inabnet

---

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.

-9-

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933

1

## SERVICE LIST

2

3
Justin Elsner, Esq.
Elsner Law Firm, PLLC
4
23711 Brier Road
Brier, Washington 98036
5
justin@elsnerlawfirm.com
Attorneys for Plaintiff,
6
FRAN BUNTTING

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL OF
HARBOR FREIGHT TOOLS USA, INC.                    -10-

**CLYDE & CO US LLP**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel: (206) 438-3980 Fax: (206) 299-9933